110 F.3d 63
 156 L.R.R.M. (BNA) 2480
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CENTRA, INC., Central Transport Inc., and Central Cartage,
Petitioners/Cross-Respondents,
v.
NATIONAL LABOR RELATIONS BOARD, Respondents/Cross-Petitioners.
 No. 95-5481, 95-5482.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1997.
 
 Before: MERRITT, KENNEDY and GUY, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Petitioners Centra, Inc., Central Transport, Inc., and Central Cartage (collectively referred to as "Central") seek review and respondent National Labor Relations Board ("Board") seeks enforcement of a Board decision and order determining the amount of contributions Central must pay to union benefit funds as a result of its prior judicially determined unfair labor practice. Because we find that material new evidence exists which the Board did not consider, we remand this case to the Board for reconsideration.
 
 
 2
 This court detailed the factual and procedural history of the unfair labor practice portion of this case in a previous opinion. See NLRB v. Centra, 954 F.2d 366 (6th Cir.1992). Therefore, for our present purposes, we will restate only the facts necessary to present the issue now under consideration. In May 1986, in an agreement known as the "White Paper Agreement," Central and Teamster's Local Union No. 964 established the wages and other terms of employment of 59 employees who were jointly employed by Central and D & S Leasing and were working on Central's premises. The White Paper granted covered employees fewer benefits and wages than received by Central employees covered in the Teamsters National Master Freight Agreement. This court upheld in its 1992 decision the Board's findings in an August 1990 hearing that Central had violated §§ 8(a)(1), (5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 158(a)(1), (5), by refusing to recognize and bargain with Local 964 over Central's decision to cancel its contract with D & S Leasing and that this refusal resulted in the lay off of the 59 jointly employed workers, 26 of whom were eventually rehired.
 
 
 3
 Because the parties disagreed over the amount of compensation and benefits owed to the 59 employees who were laid off, an administrative law judge conducted a "compliance hearing" to resolve the issues raised regarding the amount of contributions that Central was required to make. Under an informal settlement agreement on the back pay issues involved in this case, all counsel agreed, with full knowledge of the administrative law judge, that the number of witnesses and the amount of testimonial evidence presented at the hearing would be limited, and that the parties would confine their presentations to their positions on their legal arguments. The administrative law judge found Central liable for approximately $1.28 million, plus interest, in back pay contributions to the employees' pension and welfare funds. Central chose not to comply with the informal back pay settlement agreement after it learned that a Board witness in the underlying unfair labor practice hearing perjured himself on the stand. This court denied the Board a contempt award in NLRB v. Centra, Inc., No. 91-5236 (6th Cir. Jan. 7, 1995), because the back pay settlement agreement was informal and it had not been incorporated in a Board order or enforced by the court.
 
 
 4
 Central argues in its petition for review that the Board's order is punitive because the health and welfare benefits do not vest and the order does not make the employees whole for any loss incurred. However, the union and the employees it represents have an interest in ensuring that the funds are made whole. Specifically, the employees have an economic stake in the future solvency of the fund. See Virginia Concrete Co., Inc. v. NLRB, 75 F.3d 974, 988 (4th Cir.1996). Central's failure to make contributions to the health and welfare funds during the relevant time period undercut the financial strength of the funds and jeopardized the future benefits to which the employees are entitled. We agree with the Board that the remedy is not punitive here. Nor do we find the order speculative with respect to John Mulroy. The evidence on which Central relies was not presented to the Board. We must decline to consider it here.
 
 
 5
 Central also argues in its petition for review that this case should be remanded to the Board for consideration of new evidence. Our review of the facts reveals both new and material evidence that should be examined by the Board and reasonable grounds for Central's failure to adduce this evidence in the hearing before the Board. NLRB v. Children's Hosp. of Mich., 6 F.3d 1147, 1153 (6th Cir.1993) and 29 U.S.C. § 160(e) (1996) require a hearing before the Board. This new evidence includes the back pay proceedings held in 1995 when this case was reopened and a finding of fact by a district court in the Seventh Circuit that the White Paper agreement between Central and its employees continued beyond 1988 and governed Central's relationship with Teamsters Local Union No. 964. See Central States Southeast and Southwest Areas Pension Fund v. Central Transp., Inc., Case No. 94 C. 811 (N.D.Ill., April 5, 1995). This new evidence is material because it raises serious doubts about the extent of Central's liability in back pay contributions to the employee pension and welfare funds at issue here. Central failed to present this evidence to the Board because the terms of an informal settlement agreement limited the amount of evidence Central could introduce to support its position and because the evidence concerning perjured testimony was not in existence at the time of the Board's initial determination.
 
 
 6
 Accordingly, we set aside the Board's order finding Central liable for $1,278,268, plus interest in back contributions to the Central States Funds and REMAND this case for a full hearing for the Board to consider the back pay modification, the Seventh Circuit's finding of fact and other relevant factors. The Board's cross-petition for enforcement of its order is DENIED.